**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| P.I.S.R.,<br><br>Petitioner,<br><br>v.<br><br>Warden, STEWART DETENTION CENTER, *et al.*,<br><br>Respondents. | : | Case No. 4:26-cv-1349-CDL-AGH<br>28 U.S.C. § 2241 |

**ORDER**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on October 28, 2026 (ECF No. 1). Upon initial review, it appears Petitioner may be entitled to a bond hearing under *Hernandez Alvarez v. Warden, Federal Detention Center*, 175 F.4th 1258 (11th Cir. 2026), and the prior precedent of this Court. *See id.* at 1281 (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States, but are 'seeking admission' at the border"); *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) (same); *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025) (same).

Respondents shall have seven (7) days to file a Return under 28 U.S.C. § 2243. In the Return, Respondents must specifically state (1) the asserted detention authority for Petitioner, and (2) whether Respondents agree that Petitioner is

entitled to a bond hearing under the cases discussed above.[1] The Court may set a further briefing schedule once Respondents file their Return.

**SO ORDERED**, this 3rd day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[1] The Court recognizes Petitioner's admission that she has not yet requested a bond hearing and has thus failed to exhaust her available administrative remedies. Pet. 11, ECF No. 1. Petitioner should note that, generally, the proper course of action is to request a custody redetermination hearing *before* asking the Court to enforce any right she may have to a bond hearing. Even so, Respondents shall respond in accordance with the above directions.